# EXHIBIT A TO NOTICE OF REMOVAL

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| JOHNATHON CATO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADTRAN, INC., a foreign profit corporation doing business as ADTRAN; and DOES 1-20,<br><br>Defendants. | No. 23-2-03238-06<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF |

Plaintiff Johnathon Cato, on behalf of himself and all others similarly situated (the "Class"), by and through counsel, brings this Class Action Complaint against Defendant Adtran, Inc. ("Defendant") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigations, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. Effective January 1, 2020, Washington state passed legislation prohibiting noncompetition covenants for any employee making less than $100,000 in 2020; $101,390 in 2021; $107,301.04 in 2022; and/or $116,593.18 in 2023. RCW 49.62.020(1)(b); RCW 49.62.040.

2. This is a class action for damages, injunctive relief, and declaratory relief on behalf of current and former employees of Defendant who were bound to noncompetition covenants in violation of RCW 49.62.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 1

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

4. Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in Clark County, Washington, and Defendant resides and transacts business in Clark County, Washington.

5. Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendant; (b) Defendant is registered to conduct business, and regularly transacts business, within Washington; (c) the alleged conduct of Defendant occurred within Washington; (d) the injuries to Plaintiff and the Class occurred within Washington; and (e) during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against Defendant on behalf of the same persons. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

## III. PARTIES

6. Plaintiff Johnathon Cato resides in Clark County, Washington and applied to work for Defendant at its office located at 501 Southeast Columbia Shores Boulevard, Suite 500, Vancouver, Clark County, Washington 98661. At all times relevant to this Complaint, Plaintiff was an employee of Defendant as such term is defined in the statutes listed herein.

7. Defendant Adtran, Inc. is a foreign profit corporation that regularly transacts business in Washington, including at 501 Southeast Columbia Shores Boulevard, Suite 500, Vancouver, Clark County, Washington 98661. At all times relevant to this Complaint, Defendant was an employer as such term is defined in the statutes listed herein.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 2

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

8.  Plaintiff is currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

IV.  **FACTS APPLICABLE TO THE CLASS AND ALL CAUSES OF ACTION**

9.  Defendant is a global provider of open, disaggregated networking and communications equipment that enables voice, data, video, and internet communications across any network infrastructure.

10. From January 1, 2020 to the present, Defendant has required Class members to sign noncompetition covenants.

11. The noncompetition covenants prohibit Class members from working for Defendant's competitors for 18 months after termination of their employment.

12. Class members' annual earnings from the Defendant were less than $100,000 in 2020; $101,390 in 2021; $107,301.04 in 2022; and/or less than $116,593.18 in 2023. RCW 49.62.020(1)(b); RCW 49.62.040.

13. On or about June 14, 2023, Defendant required Plaintiff to execute a severance agreement titled "SEPARATION AGREEMENT AND GENERAL RELEASE" (hereinafter the "Agreement").

14. Paragraph 1(g) Agreement contains the following noncompetition covenant:

> In consideration of the confidential information to which Employee has had access as an employee of ADTRAN, and other good and valuable consideration, Employee agrees that, for a period of eighteen (18) months following the Separation Date set out in paragraph 1, above, Employee will not, directly or indirectly, own, manage, operate, join, control, be employed with or by, or participate in any manner with any of the following competing

CLASS ACTION COMPLAINT FOR DAMAGES,  
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 3

EMERY | REDDY, PLLC  
600 Stewart Street, Suite 1100  
Seattle, WA 98101  
Phone: (206) 442-9106 • Fax: (206) 441-9711

businesses: ADVA Optical Networking, Calix, Inc., Ciena Corporation, Cisco Systems, Inc., Dasan Zhone Solutions, Ericsson, Harmonic, Inc., Hewlett-Packard Enterprise Company, Huawei Technologies Co., Ltd., iPhotonix LLC, Juniper Networks, Inc., Nokia Corporation, Reliance Industries, Ribbon Communications, Tellabs, Inc., TiBit Communications, Inc., Ubiquiti Networks, ZTE Corporation. Employee acknowledges and agrees that doing so will be considered a breach of this Agreement and that ADTRAN will be entitled to all rights under applicable law and equity for such breach, including, but not limited to, Employee's forfeiture of the payments made to Employee under this Agreement.

15. A true and correct copy of Plaintiff's executed Agreement is attached hereto as Exhibit 1.

16. The Agreement requires that the noncompetition covenant be adjudicated outside of Washington state.

17. As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

18. Throughout Plaintiff's employment with Defendant he earned a base salary of $43,000 per year and was eligible for commissions.

19. Plaintiff's earnings were less than $100,000 annually at all times during his employment with Defendant.

20. Plaintiff has not worked for any companies listed in Paragraph 1(g) of the Agreement since his employment with Defendant ended as he does not want to risk violating the noncompetition covenant.

21. Plaintiff and the Class were harmed as a result of their inability to engage in lawful professions, trades, and businesses.

22. As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

## V. CLASS ACTION ALLEGATIONS

23. <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows (the "Class"):

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

> All current and former Washington employees of Defendant who signed a noncompetition covenant between January 1, 2020 and the date of final disposition of this matter and whose annual earnings were less than $100,000 in 2020; $101,390 in 2021; $107,301.04 in 2022, and/or $116,593.18 in 2023.

24. Excluded from the Class are the Defendant and Defendant's officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

25. <u>Numerosity</u>. There are potentially hundreds of Washington employees who signed noncompetition covenants within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties, and to the Court.

26. <u>Commonality</u>. Because Defendant's employees signed identical noncompetition covenants, this is a straightforward matter of determining whether the noncompetition covenants violate Washington law, and, if so, assessing damages.

27. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were all employed by Defendant in Washington state, earned less than $100,000 annually from Defendant (as adjusted annually pursuant to RCW 49.62.020 and RCW 49.62.040), and were required to sign noncompetition covenants.

28. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to, or that conflict with, those of the Class.

29. <u>Predominance</u>. Defendant has engaged in a common course of abuse of its employees. The common issues arising from Defendant's unlawful conduct that affects Plaintiff and Class members predominates over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantages of judicial economy.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 5

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

30. <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the noncompetition covenants they signed are readily identifiable from Defendant's records.

## VI. CAUSES OF ACTION

31. Plaintiff incorporates by reference each of the foregoing factual allegations and realleges them as though fully set forth herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF RCW 49.62**
*Claim of Relief for Plaintiff and the Class*

32. As described more fully above, Defendant required Plaintiff and the Class to sign illegal noncompetition covenants.

33. Defendant violated RCW 49.62.020(1)(b) when it required Plaintiff and the Class, who earned less than the threshold amounts ($100,000 in 2020; $101,390 in 2021; $107,301.04 in 2022; $116,593.18 in 2023), to sign noncompetition covenants.

34. Defendant violated RCW 49.62.050(1) when it required Plaintiff and the Class to sign noncompetition covenants that require adjudication outside of Washington state.

35. Defendant violated RCW 49.62.050(2) when it required Plaintiff and the Class to sign noncompetition covenants that deprive them of the protections and benefits of RCW 49.62.

36. As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial.

**SECOND CAUSE OF ACTION**
**INJUNCTIVE RELIEF**
*Claim of Relief for Plaintiff and the Class*

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 6

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

37. Plaintiff and the Class are entitled to an injunction restraining Defendant from enforcing the illegal noncompetition covenants.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF
*Claim of Relief for Plaintiff and the Class*

38. Plaintiff and the Class are entitled to a declaration that the noncompetition covenants are void, unenforceable, and violate RCW 49.62.

### VII.   DAMAGES

39. Defendant's unlawful conduct with regard to its employment of Plaintiff and the Class has caused the following damages:

40. Actual damages and/or statutory penalties; and

41. Out of pocket expenses, litigation costs, and attorneys' fees in amounts to be established at trial.

### VIII.   REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendant as follows:

1. Declaratory relief to the effect that Defendant's noncompetition covenants are void, unenforceable, and violate RCW 49.62;

2. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from enforcing the illegal noncompetition covenants;

3. An Order requiring Defendant to modify the Agreements between Defendant and Class members to remove the illegal noncompetition covenants;

4. An Order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

5. Awarding actual damages and/or statutory penalties pursuant to RCW 49.62.080(2) and (3);

6. Awarding attorneys' fees, and costs pursuant to RCW 49.62.080(2) and (3);

7. Awarding pre- and post-judgment interest;

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 7

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

8.    Permitting Plaintiff leave to amend the Complaint to conform to the evidence presented at or prior to trial; and

9.    Granting any additional or further relief which the Court deems equitable, appropriate, or just.

DATED November 27, 2023    EMERY | REDDY, PLLC

By:   */s/ Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff and the Class*

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 8

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# Exhibit 1

STATE OF WASHINGTON )

COUNTY OF *Clark* )

## SEPARATION AGREEMENT AND GENERAL RELEASE

Employee Johnathon Cato, and his/her every attorney, agent, insurer, representative, executor, administrator, and assign (hereinafter "Employee") and ADTRAN, Inc. (hereinafter "Employer"), on behalf of itself and its parents, subsidiaries, and other corporate affiliates, and its and their every agent, employee, officer, director, shareholder, successor, and assign (collectively, the "Employer Affiliates"), enter into this Separation Agreement and General Release ("Agreement"):

1. Employee agrees to:

    a. Acknowledge that Employee's position as Partner Development Representative with Employer will be eliminated and Employee's employment with Employer will end as of 06/14/2023 (the "Separation Date").

    b. Waive and release every known or unknown action, cause of action, suit, or claim of any kind, accrued to date that Employee has or may have against Employer and/or any Employer Affiliates, whether under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e, *et. seq.*), the Civil Rights Act of 1866, as amended (42 U.S.C. § 1981), the Americans with Disabilities Act, as amended (42 U.S.C. §12101, *et seq.*), the Fair Labor Standards Act and Equal Pay Act (29 U.S.C. § 201, *et seq.*), the Rehabilitation Act (29 U.S.C. § 701, *et. seq.*), the **Age Discrimination in Employment Act**, as amended, (29 U.S.C. § 621, *et. seq.*), the Family and Medical Leave Act (29 U.S.C. § 3801, *et. seq.*), the Uniformed Services Employment and Reemployment Rights Act (38 U.S.C. §4301, *et seq.*), the Employee Retirement Income Security Act of 1974, as amended, the Genetic Information Nondiscrimination Act of 2008 (42 U.S.C. § 2000ff, *et seq.*), the Immigration Reform and Control Act (IRCA), the Washington Industrial Welfare Act (IWA), the Washington Law Against Discrimination (WLAD), the Washington Family Leave Act (FLA), the Washington Leave Law, the Washington Minimum Wage Requirements and Labor Standards Act, Title 49 of the Revised Code of Washington, the Washington Equal Pay Opportunity Act (EPOA), the Washington Fair Chance Act (FCA), and every federal, state, and local statutory, regulatory or common law theory under which a suit, action or claim can be brought and which suit, action or claim may be legally waived and released (excluding only claims accruing in the future, claims for the current value of vested employee benefits, and claims for the enforcement of this Agreement) and accept no award nor payment nor relief of any kind therefor;

    c. Refrain from disparaging Employer's products or services, or current and former employees or employment practices to any third party, including, but not limited to, Employer's customers;

    d. Refrain from disclosing any confidential business information of Employer, its affiliates, customers, or business associates; continue to abide by Employee's obligations in the Proprietary Information Agreement executed by Employee, and represent and acknowledge to

Employer that all confidential business information or proprietary information in possession of Employee has been destroyed and/or returned to Employer;

  e.  Waive voluntarily all rights to reinstatement;

  f.  Return to Employer upon the Separation Date, set forth in Paragraph 1(a), above: (a) any information, documents, or papers (whether physical or electronically stored) about Employer's policies, practices, trade secrets, member lists, marketing, and non-public information; (b) any and all company property, including, but not limited to, badges, identification cards, company credit cards, cell phones, electronic devices, computers, computer disks, computer programs, limited use software licenses, uniforms, or keys; and (c) any and all other property of Employer in Employee's possession;

  g.  In consideration of the confidential information to which Employee has had access as an employee of ADTRAN, and other good and valuable consideration, Employee agrees that, for a period of eighteen (18) months following the Separation Date set out in paragraph 1, above, Employee will not, directly or indirectly, own, manage, operate, join, control, be employed with or by, or participate in any manner with any of the following competing businesses: ADVA Optical Networking, Calix, Inc., Ciena Corporation, Cisco Systems, Inc., Dasan Zhone Solutions, Ericsson, Harmonic, Inc., Hewlett-Packard Enterprise Company, Huawei Technologies Co., Ltd., iPhotonix LLC, Juniper Networks, Inc., Nokia Corporation, Reliance Industries, Ribbon Communications, Tellabs, Inc., TiBit Communications, Inc., Ubiquiti Networks, ZTE Corporation. Employee acknowledges and agrees that doing so will be considered a breach of this Agreement and that ADTRAN will be entitled to all rights under applicable law and equity for such breach, including, but not limited to, Employee's forfeiture of the payments made to Employee under this Agreement. Employee further agrees that, for a period of eighteen (18) months following the Separation Date set out in paragraph 1, above, Employee will not employ or attempt to employ in competition with ADTRAN any of ADTRAN's current or former employees who work or have worked in the area in which Employee has been significantly engaged on behalf of ADTRAN during Employee's employment. In the event of a breach or threatened breach by the Employee of any of the provisions of this Agreement, the Employee hereby consents and agrees that the Employer shall be entitled to seek, in addition to other available remedies, a temporary or permanent injunction or other equitable relief against such breach or threatened breach from any court of competent jurisdiction, without the necessity of showing any actual damages or that money damages would not afford an adequate remedy, and without the necessity of posting any bond or other security;

  h.  Refrain from disclosing the fact this Agreement exists or the amount of this Agreement and/or the payment to Employee described in Paragraph 2 below to any third person, apart from Employee's attorney, spouse, or tax advisor (who shall be advised by Employee of the confidential nature of this Agreement), unless otherwise required by law or expressly agreed to in writing by Employer;

  i.  Understand that this Agreement and any payment made is not Employer's admission of liability; and that Employer asserts vigorously that Employer has done nothing wrong or unlawful and that Employer has the legal right to make this assertion;

        j.      Be responsible for the taxes and claims of any entity, agency, attorney, or other third party to the payment made by Employer to Employee under this Agreement; and

        k.      Acknowledge the proposition that the payment made by Employer under this Agreement to Employee is an amount over and above that to which Employee otherwise would be entitled to receive as a current or former employee of Employer.

    2.      As consideration for the Employee's execution of and compliance with this Agreement, including the waiver and release of claims in Section 1, Employer agrees that on the next regularly-scheduled payroll date after this Agreement's Effective Date or within a reasonable time thereafter, Employer will pay the Employee the lump sum gross amount before taxes of $4,110.00, which is equivalent of five (5) weeks' pay less any applicable state and federal withholding deductions. As used in this Agreement, "Effective Date" shall mean the eighth (8th) day following the execution of this Agreement by the last executing party.

    In addition, upon execution of this Agreement by Employee, Employer will pay the Employee a lump sum payment in an amount equivalent to current coverage premiums for three (3) months, which is the net amount of $4,808.58 and will be treated as a reimbursement for premium payments.

    Employee shall be entitled to pay for any accrued but unused vacation days up to the Separation Date. Such accrued vacation payment shall be made to Employee with the payment set forth above, less any applicable tax withholdings. Employee shall not be entitled to any additional pay for unused sick days or holidays.

    Employee shall be entitled to all stock options and restricted stock units issued to Employee by ADTRAN and in which Employee is currently vested under any applicable ADTRAN Stock Incentive Plan. Employee may be entitled to exercise such stock options in accordance with the terms of any such plan, as applicable. All unvested stock options or restricted stock units will be forfeited in accordance with the terms of the plan.

    Except as otherwise stated in this Agreement, Employee shall cease to participate in all employee benefits, plans, policies and practices provided by Employer as of the Separation Date.

    Employer agrees to provide a neutral reference consisting of dates of employment and position held. Employer also agrees, if requested by Employee, to pay a reasonable amount for outplacement services through Warren Averett following the Effective Date of this Agreement.

    3.      Employee understands that Employee has previously received all FMLA leave due, all overtime due, all other payment due of every kind, and every other obligation that Employer otherwise would have to Employee, and that Employer discharges its final monetary obligation once Employee has received the payment due under paragraph 2, next above.

    4.      Employer and Employee agree that (a) the law applicable in Alabama governs this Agreement without regard to any conflicts of laws principles that that would require the laws of any other jurisdiction to apply; (b) that any action or proceeding by either of the parties to enforce this Agreement shall be brought only in the state or federal courts of competent jurisdiction located in Madison County, Alabama; (c) that all negotiations and representations are merged into this

Agreement; (d) that neither Employer nor Employee has assigned any claim covered under this Agreement; (e) that any change to this Agreement must be made by writing signed by both parties; (f) that if any term or provision of this Agreement is ever found to be unenforceable, the remainder of this Agreement shall remain in full force and effect; and (g) that, if Employee breaches this Agreement, Employee will be responsible for all costs and expenses (including, reasonable attorneys' fees) that Employer incurs in the course of enforcing this Agreement.

5. Nothing in Section 1(c) or Section 1(d), or otherwise stated in this Agreement, shall be construed to prevent disclosure of confidential information as may be required by applicable law or regulation, or pursuant to the valid order of a court of competent jurisdiction or an authorized government agency, provided that the disclosure does not exceed the extent of disclosure required by such law, regulation or order. The Employee shall promptly provide written notice of any such order to an authorized officer of the Employer. Nothing in this Agreement prohibits or restricts the Employee (or the Employee's attorney) from communicating directly with, responding to an inquiry from, or providing testimony before the Securities and Exchange Commission (SEC), the Financial Industry Regulatory Authority (FINRA), any other self-regulatory organization, the National Labor Relations Board (NLRB), or any other federal or state regulatory authority regarding this Agreement or its underlying facts or circumstances or a possible securities law violation.

6. Employee has had a reasonable amount of time of at least twenty-one (21) days to review this Agreement with an attorney of Employee's choice to decide whether to sign it, has read it carefully, understands that this Agreement waives known and unknown claims and rights, including but not limited to, claims under the **Age Discrimination in Employment Act**, and has seven (7) days after signing it to change Employee's mind by submitting revocation in writing to Joia Thompson, ADTRAN, Inc., 901 Explorer Boulevard NW, Huntsville, Alabama 35806.

7. KNOWING AND VOLUNTARY RELEASE: EMPLOYEE SPECIFICALLY AGREES AND ACKNOWLEDGES THAT:

a. EMPLOYEE HAS READ THIS AGREEMENT IN ITS ENTIRETY AND UNDERSTANDS ALL OF ITS TERMS;

b. BY THIS AGREEMENT, EMPLOYEE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT;

c. EMPLOYEE KNOWINGLY, FREELY, AND VOLUNTARILY ASSENTS TO ALL OF THIS AGREEMENT'S TERMS AND CONDITIONS INCLUDING, WITHOUT LIMITATION, THE WAIVER, RELEASE, AND COVENANTS;

d. EMPLOYEE IS SIGNING THIS AGREEMENT, INCLUDING THE WAIVER AND RELEASE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH THE EMPLOYEE IS OTHERWISE ENTITLED;

e. EMPLOYEE IS NOT WAIVING OR RELEASING RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE EMPLOYEE SIGNS THIS AGREEMENT; AND

f. EMPLOYEE UNDERSTANDS THAT THE WAIVER AND RELEASE IN THIS AGREEMENT IS BEING REQUESTED IN CONNECTION WITH THE EMPLOYEE'S SEPARATION OF EMPLOYMENT FROM THE EMPLOYER.

*[Signature Pages follow.]*


[*Employee's Signature Page to Separation Agreement and General Release*]

IN WITNESS WHEREOF, Employee has executed this Agreement as of the date set forth below.

_____
Employee

Date: 06/22/2023

STATE OF WASHINGTON  )
COUNTY OF York       )

I, Charlene Manzer, a Notary Public in and for said County in said State, hereby certify that Johnathon Cato, whose name is signed to the foregoing SEPARATION AGREEMENT AND GENERAL RELEASE, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this 22 day of June, 2023.

_____
NOTARY PUBLIC

My Commission Expires: 03/22/2027

[SEAL]

**Charlene Manzer**
Notary Public
State of Washington
License # 23008730
Commission Expires: 03/22/2027

6

General Business

*[Employer's Signature Page to Separation Agreement and General Release]*

IN WITNESS WHEREOF, Employer has executed this Agreement as of the date set forth below.

<u>Employer</u>

ADTRAN, Inc.

By: _____
Name: Joia Thompson
Its: Vice President of Human Resources
Date: _____

STATE OF ALABAMA   )

COUNTY OF MADISON   )

I, _____, a Notary Public in and for said County in said State, hereby certify that Joia Thompson, whose name as Vice President of Human Resources of ADTRAN, Inc., a Delaware corporation, is signed to the foregoing SEPARATION AGREEMENT AND GENERAL RELEASE, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, she, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal, this ___ day of _____, 2023.

_____
NOTARY PUBLIC

My Commission Expires:_____

[SEAL]